IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shane Owens, individually and as Personal Representative of the Estate of Stephanie Nicole Bolton Owens,<br><br>    Plaintiff,<br><br>vs.<br><br>Darryl Crossley, Kenneth Sibley, Derrick Greer, and Brandon Dorsett,<br><br>    Defendants. | C.A. No.:<br><br>COMPLAINT |

The Plaintiff above named, complaining of the Defendant herein, would respectfully show unto this Honorable Court and alleges as follows:

## JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C.A. §§ 1983, et seq., and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the Defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

## PARTIES

3. Plaintiff, Shane Owens, was duly appointed as Personal Representative of the Estate of Stephanie Nicole Bolton Owens by the Probate Court of Cherokee County, South Carolina on October 23, 2018.

4. At all times mentioned in the Complaint, the Defendants were all acting under the color of state law as employees of Cherokee County Sheriff's Office (hereinafter referred to as

"CCSO"). Darryl Crossley, Kenneth Sibley, Derrick Greer, and Brandon Dorsett were sergeants, deputies, and/or employees of the CCSO. At all relevant times hereinafter mentioned, these Defendants were acting individually as employees and/or administrators of the CCSO. Upon information and belief, these Defendants either had direct contact with the Decedent, had direct knowledge of the unsafe conditions present during the time period in question, had direct knowledge of the excessive risk of serious harm to the Decedent's health or safety, supervised other Defendants who had direct contact with the Decedent or had knowledge of the above, and/or made policy decisions that directly caused harm to the Decedent.

5. During the time period in question, the decedent's constitutional rights were well established and well known to the Defendants, including but not limited to, the decedent's right to be free from the use of excessive and unreasonable force.

6. For purposes of the claims asserted under 42 U.S.C. § 1983, the Defendants are being sued in their individual capacity under the Color of State Law.

7. Upon information and belief, the Defendants had direct contact with the Plaintiff's decedent and had direct knowledge of the substantial risk to her safety. The Defendants had the obligation and opportunity to protect the decedent from physical harm. Additionally, during the time period in question, the decedent's constitutional rights were well established and well known to the Defendants listed above. This would include, and not be limited to, her right to due process, her right to be free from danger, and her right to be free from cruel and unusual punishment. The Defendants were deliberately indifferent to the safety of the decedent by knowingly exposing her to the use of excessive and unreasonable force. A more detailed description of the Defendants' contact with the decedent and knowledge of the substantial risks are set out below.

8. The allegations set forth in this Complaint occurred in Cherokee County;

therefore, venue is proper in this District.

## FACTUAL ALLEGATIONS

9. On August 26, 2018, at approximately 3:20 a.m. several calls occurred between the decedent and Cherokee County dispatch. During the calls, the decedent begged for help, stating that she was in pain and on medication. She stated intent to harm herself.

10. Upon arrival on scene, deputies found the decedent standing on her porch holding a handgun, but not threatening or pointing the weapon at anyone. Disoriented, she did not understand the commands being given to her and did not drop the handgun upon command, but she did not point the weapon at officers or otherwise threaten the officers with the weapon.

11. Notwithstanding the fact that the decedent was merely holding the firearm and not pointing it at the officers or threatening them with it, instead of recognizing an obvious mental health crisis enhanced by medication usage, and recognize the obvious "suicide by cop" attempt in progress, the deputies chose to empty their firearms into the decedent. Deputy Daryl Crossley, Sgt. Derrick Greer, Sgt. Brandon Dorsett, and Deputy Kenneth Sibley discharged their firearms, striking the decedent multiple times. Deputy Heather Kelly, the deputy closest to the decedent at the time, made the correct decision not to fire her weapon because she recognized the obvious "suicide by cop" attempt in progress.

12. The Plaintiff is informed and believes that eight (8) of the bullets struck the decedent, causing severe traumatic and fatal injuries. Multiple other bullets struck the home to the left and right of the front door where the decedent stood. The decedent lived for a significant period, experiencing conscious pain and suffering, until she ultimately died of the gunshot wounds.

13. During the time period in question, the Defendants consciously violated numerous

local, state, and federal policies and procedures by firing weapons (utilizing deadly force) after it became obvious and apparent that their lives were not in danger.

14.     The Plaintiff is informed and believes that the Defendants had the obligation and opportunity to refrain from utilizing inappropriate and unnecessary deadly force, and that they had the obligation to comply with the force continuum and other applicable policies and police practices. However, the Defendants made the conscious decision to use inappropriate and unnecessary force which they know or should have known would result in the decedent's suffering (both mentally and physically) and death.

15.     As a proximate result of the Defendants' acts and omissions, Plaintiff's decedent experienced extreme conscious pain and suffering, physical and emotional injury, and ultimately death. The Plaintiff seeks all available survival and wrongful death damages.

16.     The Plaintiff incorporates by reference all documents produced by the Defendants in the state court lawsuit pending in the Cherokee County, SC Court of Common Pleas, captioned *Owens v. Cherokee County Sheriff's Office*, C.A. No. 2020CP1100572.  The Plaintiff asks the Court to take judicial notice of the documents produced and depositions taken in that matter.

**FOR A FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 -  Violation of Decedent's Civil Rights by Defendants)**

19.     Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

20.     At all times relevant hereto, the Defendants were officers with the CCSO and acted under the color of state law.

21.     The Plaintiff's decedent was deprived of rights, privileges and immunities safeguarded by the Fourth, Eighth, and Fourteenth Amendments to the United States

Constitution by the Defendants in a number of ways, including but not limited to:

    a. Use of excessive force;

    b. Use of deadline force when it was not authorized;

    c. Violating the decedent's right to bodily integrity;

    d. Violating the decedent's right to be free from state-created danger;

    e. Violating the decedent's right to be free from deliberate indifference to a specific threat of harm;

    f. Subjecting her to cruel and unusual punishment; and

    g. Other ways that will be uncovered in discovery and at trial.

22. Upon information and belief, the excessive force that Decedent was subjected to was employed by Defendant CCSO without any reasonable necessity to use any force, much less the excessive and deadly force that was employed without legal justification, with malice and with the intent to inflict pain, suffering and death.

23. As a direct result of the Defendants' unlawful use of excessive and unreasonable force, and the violations of the other constitutional rights set forth herein, Decedent was killed.

24. As a direct and proximate result of the Defendants' violation of Decedent's constitutionally protected rights, Plaintiff is entitled to recover actual and punitive damages from Defendants as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**(Survival Action Against All Defendants)**

25. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

26. As a result of the above referenced acts, Decedent sustained serious injuries

ultimately causing her wrongful death.

27. Pursuant to the South Carolina Survival Act, Plaintiff is entitled to bring all of the above-referenced and foregoing causes of action as the duly appointed Personal Representative of the Estate of Stephanie Nicole Bolton Owens.

28. Plaintiff alleges that as a result of the above referenced acts, the Decedent suffered conscious pain and suffering, personal injuries and trauma prior to her death, funeral expenses, and other compensatory damages, and is entitled to punitive damages in an amount to be determined by a jury.

29. All of the above-referenced acts and/or omissions and/or commissions are in violation of the common laws and statutes of the State of South Carolina, and Defendants' obligations and duties to Plaintiff.

30. Each of these acts and/or omissions and/or commissions proximately caused the Decedent's injuries and wrongful death.

31. As such, Plaintiff seeks actual and punitive damages and such other and further relief as this honorable court and the jury deems just and proper.

### FOR A THIRD CAUSE OF ACTION
### (Wrongful Death Against All Defendants)

32. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

33. As a result of the above-referenced acts and/or omissions the Decedent suffered conscious pain and suffering, personal injuries, and trauma prior to her death.

34. Pursuant to the South Carolina Wrongful Death Act, Plaintiff alleges entitlement to all of the above- referenced and foregoing causes of action as survivors and/or as the duly

appointed Personal Representative of the Estate of Stephanie Nicole Bolton Owens.

35. As a direct and proximate result of Defendants' willful, wanton, reckless, grossly negligent and negligent acts as set out above, the Decedent's beneficiaries, as represented by Shane Owens, Personal Representative of the Estate of Stephanie Nicole Bolton Owens, have suffered injuries, which have caused, and in the future will cause, the beneficiaries to suffer one or more of the following elements of damage as to the survival and wrongful death claims:

  a. Pecuniary loss;

  b. Conscious pain and suffering;

  c. Mental shock and suffering;

  d. Wounded feelings;

  e. Grief and sorrow;

  f. Loss of companionship; and

  g. Deprivation of use and comfort of Decedent's society, including loss of her experience, knowledge, and judgment in managing the affairs of herself and her beneficiaries.

  h. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendants as set out above, as well as his violation of state law, Plaintiff is entitled to compensation for funeral expenses and other compensatory damages and is entitled to punitive damages in an amount to be determined by a jury.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff prays for the following relief:

1. That the Court declare that the Defendants' practices complained of herein are

unlawful under the United States Constitution and the South Carolina Constitution;

2. That the Court enter judgment in favor of Plaintiff and against the Defendants for compensatory damages, with the exact amount of the damages to be determined by a jury and the interest to be determined by the Court;

3. That the Court enter judgment in favor of Plaintiff and against the Defendants for punitive damages, with the exact amount of the damages to be determined by a jury;

4. That the costs of this action be taxed against the Defendants;

5. That the Court award Plaintiff reasonable attorneys' fees as provided by 42 U.S.C. §1988;

6. That the Court grant Plaintiff a trial by a jury; and

7. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

/s/ Kyle J. White
Kyle White (Fed. ID No. 11774)
White Davis and White Law Firm
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
Telephone: (864) 231-8090
kyle@wdwlawfirm.com

and

Clayton L. Jennings (SC Bar No. 68284)
Jennings Law Firm, LLC
1151 E. Washington St.
Greenville, SC 29601
(864) 239-0055

Attorneys for the Plaintiff

Anderson, South Carolina
August 26, 2021