IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shane Owens, individually and as Personal Representative of the Estate of Stephanie Nicole Bolton Owens,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Darryl Crossley, Kenneth Sibley, Derrick Greer, and Brandon Dorsett,<br><br>　　　　　　Defendants. | C.A. No.: 7:21-CV-02760-DCC-JDA<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

**NATURE OF THE CASE**

Plaintiff initiated this action asserting a claim for violation of Plaintiff's Decedent's constitutional rights under 42 U.S.C. § 1983 and pendent state law claims for wrongful death and survival.

**FACTUAL BACKGROUND**

Plaintiff filed this action against Defendants, all deputies employed by the Cherokee County Sheriff's Office, in connection with a use of force incident that occurred on August 26, 2018. (ECF No. 1, p. 3.) On August 26, 2018, Defendants responded after Plaintiff's Decedent called 911 multiple times. (ECF No. 1, ¶ 9.) Upon arrival, Defendants were met by Plaintiff's Decedent who was "holding a handgun" and "did not drop the handgun upon command." (ECF No. 1, ¶10.) Defendants discharged their firearms during the incident. (ECF No. 1, ¶ 11.) On August 5, 2020, Plaintiff filed a substantially similar Complaint in the Cherokee County Court of Common Pleas, captioned <u>Owens v. Cherokee County Sheriff's Office</u>, C.A. No. 2020-CP-11-00572 where that action is pending. (ECF No. 1, ¶ 16.)

1

This matter is now before this Court on Defendants' Motion to Dismiss. This motion is based upon the following grounds:

1. Plaintiff's state law claims are barred by the two-year statute of limitations in the South Carolina Tort Claims Act.

2. This Court should decline to exercise jurisdiction over this duplicative action and dismiss Plaintiff's Complaint under Colorado River.

3. Defendants are entitled to an order of this Court dismissing Plaintiff's claims as a matter of law.

## ARGUMENT

### Plaintiff's State Law Claims are Barred by the Two-Year Statute of Limitations of the South Carolina Tort Claims Act

S.C. Code Ann. 15-78-110 provides:

> Except as provided for in Section 15-3-40, an action for damages under this chapter may be instituted at any time within two years after the loss was or should have been discovered; provided, that if a claim for damages was filed and disallowed or rejected an action for damages filed under this chapter, based upon the same occurrence as the claim, may be instituted within three years after the loss was or should have been discovered.

Plaintiff did not plead that a verified claim was filed before this action was brought against these employees of a governmental entity. As such, the two-year statute of limitations in the SCTCA applies to Plaintiff's state law claims. However, Plaintiff did not file this current action until August 26, 2021, well after the two-year limitations period had expired. As such, Plaintiff's state law claims are time-barred and should be dismissed with prejudice. See Belton v. Bamberg, C.A. No. 1:11-2301-MBS (D.S.C. Sept. 12, 2012); Price v. Town of Atl. Beach, C.A. No. 4:12-cv-02329-MGL (D.S.C. Nov. 6, 2013).

## The Court should dismiss Plaintiff's Complaint under the Colorado River abstention doctrine

In 1976, the United States Supreme Court carved out an exception to the "virtually unflagging obligation" of a district court to exercise federal jurisdiction over matters properly brought before it "due to the presence of a concurrent state proceeding" for "reasons of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "Where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim," the Supreme Court has "regularly ordered abstention." Wise v. Circosta, 978 F.3d 93, 102 (4th Cir. 2020)

Two conditions must be present this Court to decline jurisdiction pursuant to Colorado River. First, as is the case here, "there must be parallel proceedings in state and federal court. Gannett Co., Inc. v. Clark Const. Group, Inc., 286 F.3d 737, 741 (4th Cir. 2002). Second, "exceptional circumstances" warranting abstention must exist. Id. at 463. Courts employ the following factors to determine whether a particular case presents such exceptional circumstances: (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207-08. (4th Cir. 2006). "[A] decision to abstain does not require the presence of all of the factors. Instead, the factors are to be applied 'in a pragmatic, flexible manner with a view to the realities of the case at hand.'" Sto

Corp. v. Lancaster Homes Inc., 11 F. App'x 182, 187 (4th Cir. 2001) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 21 (1983)).  Analysis of those factors demonstrates that this Court should decline to exercise jurisdiction in this case.

### A. Parallel Proceedings

State and federal suits are parallel only "if substantially the same parties litigate substantially the same issues in different forums." VonRosenberg, 849 F.3d at 168.  The parties to each action need not be completely identical.  Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 464 (4th Cir. 2005).  The court may invoke Colorado River abstention "if it concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." VonRosenberg, 849 F.3d at 168.

In Hunt v. Mortgage Electronic Registration, 522 F. Supp. 2d 749 (D.S.C. 2007), the plaintiff filed a state court action against HSBC Mortgage Corp. Id. at 753.  In a subsequently filed federal action, the plaintiff raised the same allegations and claims, all arising from the foreclosure of her house.  This Court found that while defendant Robert Jones was not a party in the state court action, all of plaintiff's claims in the federal action arose from Jones' action as an employee of HSBC.  This Court also found that "the factual allegations in support of her claims are identical in the two actions."  Accordingly, this Court found that the federal action and the prior pending state court action were "parallel proceedings for the purposes of the Colorado River doctrine.

Here, Plaintiff's state court action is identical to the action belated filed in this Court.  The Defendants in this action were named in Plaintiff's initial state court Complaint.  The factual allegations asserted by Plaintiff are nearly verbatim.  In both actions, Plaintiff asserts state law claims for wrongful death and survival actions.  Although the state court proceeding does not

include Plaintiff's federal claim under 42 U.S.C. § 1983, the state court has concurrent jurisdiction over § 1983 claims and, therefore, provides an adequate vehicle for the complete and prompt resolution of the issues between the parties. Accordingly, the Plaintiff's federal action and state action involve substantially the same parties litigating substantially the same issues.

### B. Exceptional Circumstances

#### Avoiding Piecemeal Litigation

This Court should reject Plaintiff's attempt at piecemeal litigation. Courts generally accord this factor great weight. The United States Supreme Court has referred to the policy of avoiding piecemeal litigation as the most important Colorado River factor. Moses H. Cone, 460 U.S. at 16. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Gannett Co., Inc. v. Clark Const. Group Inc., 286 F.3d 737, 744 (4th Cir. 2002). Plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action when all of his claims arise from the same operative facts." Ali v. Jeng, 86 F.3d 1148 (4th Cir. 1996). "[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums." Id. In a substantially similar case, Lyles v. Broach, C.A. No. 4:16-3188-TMC (D.S.C. Feb. 26, 2018), this Court found that the plaintiff was attempting to bring piecemeal litigation when he brought an action in this Court asserting claims under 42 U.S.C. § 1983 against individual employees of the South Carolina Department of Corrections after plaintiff had filed a prior action in state court alleging negligence claims against the South Carolina Department of Corrections. Id. at *5. This Court found that the facts in both actions were the

5

same and it was "clear that Plaintiff could have raised his § 1983 claims in his state court action because there is concurrent jurisdiction for such claims in both state and federal court." Id.

Here, it is clear that Plaintiff's claims in this action and in the state court action are based upon the same set of facts - the events of August 26, 2018. There is a significant potential of inconsistent decisions regarding the reasonableness of Defendants' use of force. This Court should avoid such duplication and dismiss Plaintiff's action accordingly.

### Order of Proceedings

Another factor to be considered by this Court is "the relevant order in which the courts obtained jurisdiction and the progress achieved in each action." Chase Brexton, 411 F.3d at 463. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21. The state court action was filed more than a year before this action was filed. The parties have engaged in extensive discovery including interrogatories, requests for production and depositions of Plaintiff and all of the officers involved. Accordingly, this Court should dismiss Plaintiff's Complaint.

### Applicable Law

This Court should also consider "whether state law or federal law provides the rule of decision on the merits." Chase Brexton, 411 F.3d at 464. Plaintiff asserts two claims under the South Carolina law. (ECF No. 1, p. 5-6.) While Plaintiff also asserts a claim under 42 U.S.C. § 1983, the state court has concurrent jurisdiction over that claim. Felder v. Casey, 487 U.S. at 139. This Court should abstain for exercising jurisdiction over this duplicative action.

**Protection of Parties' Rights**

Last, the state court proceeding is adequate to protect the parties' rights and abstention is warranted. Chase Brexton, 411 F.3d at 464. Plaintiff's claims for wrongful death and survival action are governed by state law. Therefore, there is no basis for any argument that the state court is incapable of fairly adjudicating this case. Therefore, the Court should decline to exercise jurisdiction over Plaintiff's claims and dismiss this action.

## CONCLUSION

Based upon the foregoing authorities and arguments, Defendants Daryl Crossley, Kenneth Sibley, Derrick Greer, and Brandon Dorsett respectfully submit that they are entitled to an order dismissing Plaintiff's Complaint as a matter of law.

Respectfully submitted,

s/Stephanie H. Burton
Stephanie H. Burton (#5009)
GIBBES BURTON, LLC
308 East Saint John Street
Spartanburg, SC 29302
sburton@gibbesburton.com
Telephone: (864) 327-5000
Facsimile: (864) 342-6884

*Attorneys for Defendants*

October 28, 2021