August 5, 2020 Summons and Complaint (State Court)

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF CHEROKEE )<br> )<br>Shane Owens, individually and as Personal )<br>Representative of the Estate of )<br>Stephanie Nicole Bolton Owens, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>Cherokee County Sheriff's Office, Sheriff )<br>Steve Mueller in his Official Capacity as )<br>Sheriff of Cherokee County, Deputy Daryl )<br>Crossley, Sgt. Derrick Greer, Sgt. Brandon )<br>Dorsett, and Deputy Kenneth Sibley, )<br> )<br>Defendants. ) | IN THE COURT OF COMMON PLEAS<br>C.A. No.: 2020-CP-<br><br><br><br><br>SUMMONS |

TO: THE DEFENDANTS ABOVE-NAMED, YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

August 5, 2020

/s/ Kyle J. White
Kyle J. White (SC Bar No. 101426)
White, Davis and White Law Firm, P.A.
209 E. Calhoun St.
Anderson, SC 29621
(864) 231-8090 (phone)
kyle@wdwlawfirm.com

Clayton L. Jennings (S.C. Bar No. 68284)
Jennings Law Firm, LLC
1151 E. Washington St.
Greenville, South Carolina 29601
(864) 239-0055

Attorneys for the Plaintiff

ELECTRONICALLY FILED - 2020 Aug 05 4:06 PM - CHEROKEE - COMMON PLEAS - CASE#2020CP1100572

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | C.A. No.:  2020-CP- |
| COUNTY OF CHEROKEE ) | |
| ) | |
| Shane Owens, individually and as Personal ) | |
| Representative of the Estate of ) | COMPLAINT |
| Stephanie Nicole Bolton Owens, ) | (WRONGFUL DEATH AND SURVIVAL) |
| ) | (JURY TRIAL DEMANDED) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Cherokee County Sheriff's Office, ) | |
| Sheriff Steve Mueller in his Official ) | |
| Capacity as Sheriff of Cherokee County, ) | |
| Deputy Daryl Crossley, Sgt. Derrick Greer, ) | |
| Sgt. Brandon Dorsett, and Deputy Kenneth ) | |
| Sibley, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff above named, complaining of the Defendants herein, would respectfully show unto this honorable court and alleges as follows:

**PARTIES**

1.      Plaintiff, Shane Owens, individually and as personal representative of the Estate of Stephanie Nicole Bolton Owens, is a citizen and resident of Cherokee County, South Carolina. Stephanie Nicole Bolton Owens ("the decedent") was, at all relevant times, a resident of Cherokee County, South Carolina.

2.      Defendant Cherokee County Sheriff's Office is a political subdivision of the State of South Carolina. At all times herein mentioned in this lawsuit, this Defendant acted and carried on its business by and through its agents, servants, and/or employees at various locations.

3.      Defendants Sheriff Steve Mueller, Deputy Daryl Crossley, Sgt. Derrick Greer, Sgt. Brandon Dorsett, and Deputy Kenneth Sibley were agents and employees of Cherokee County Sheriff's Office, acting in the course and scope of their employment, at the time of the incident.

2

ELECTRONICALLY FILED - 2020 Aug 05 4:06 PM - CHEROKEE - COMMON PLEAS - CASE#2020CP1100572

4.  Venue is proper in Cherokee County, because the acts and omissions complained of herein occurred in Cherokee County, South Carolina.

## FACTUAL ALLEGATIONS

5.  On August 26, 2018 at approximately 3:20 a.m. several calls occurred between the decedent and Cherokee County dispatch. During the calls, the decedent begged for help, stating that she was in pain and on medication. She stated intent to harm herself.

6.  Upon arrival on scene, deputies found the decedent standing on her porch holding a handgun, but not threatening or pointing the weapon at anyone. Disoriented, she did not understand the commands being given to her and did not drop the handgun upon command, but she did not point the weapon at officers or otherwise threaten the officers with the weapon.

7.  Notwithstanding the fact that the decedent merely holding the firearm, but not pointing it at the officers or threatening them with it, instead of recognizing an obvious mental health crisis enhanced by medication usage, the deputies chose to empty their firearms into the decedent. Deputy Daryl Crossley, Sgt. Derrick Greer, Sgt. Brandon Dorsett, and Deputy Kenneth Sibley discharged their firearms, striking the decedent multiple times. Deputy Heather Kelly, the deputy closest to the decedent at the time, made the correct decision not to fire her weapon.

8.  The Plaintiff is informed and believes that eight (8) of the bullets struck the decedent, causing severe traumatic and fatal injuries. Multiple other bullets struck the home to the left and right of the front door where the decedent stood. The decedent lived for a significant period of time, experiencing conscious pain and suffering, until she ultimately died of the gunshot wounds.

9. During the time period in question, the defendants consciously violated numerous local, state, and federal policies and procedures by firing their weapons (utilizing deadly force) after it became obvious and apparent their lives were not in danger.

10. The Plaintiff is informed and believes that the defendants had the obligation and opportunity to refrain from utilizing inappropriate and unnecessary deadly force, and they had the obligation to comply with the force continuum and other applicable policies and police practices. However, the defendants made the conscious decision to use inappropriate and unnecessary force which they know or should have known would result in the decedent's suffering (both mentally and physically) and death.

11. As a proximate result of the Defendant's acts and omissions, Owens experienced extreme conscious pain and suffering, physical and emotional injury, and ultimately death. The Plaintiff seeks all available survival and wrongful death damages.

### FIRST CAUSE OF ACTION
(Negligence and Gross Negligence)

12. Plaintiff reiterates each and every allegation above as if repeated verbatim herein.

13. The above set forth incident and decedent's resulting death and damages were proximately caused by the negligent, gross negligent, reckless, and willful and wanton acts of Defendants, in the following particulars:

    a. In employing unjustified deadly force;

    b. In failing to properly train, monitor and supervise personnel, agents, and/or employees so as to ensure the safety of the public they encounter in their work as officers;

ELECTRONICALLY FILED - 2020 Aug 05 4:06 PM - CHEROKEE - COMMON PLEAS - CASE#2020CP1100572

ELECTRONICALLY FILED - 2020 Aug 05 4:06 PM - CHEROKEE - COMMON PLEAS - CASE#2020CP1100572

c.  In consciously failing to train members of the City of Cherokee County Sheriff's Office personnel in the Constitution and law enforcement standards on the use of deadly force;

d.  In consciously failing to properly control, supervise and maintain control of the incident scene;

e.  In consciously utilizing deadly force when doing so was not warranted and in allowing other deputies and subordinate deputies to do so;

f.  In consciously failing to properly train the employees and officers in the continuum of force, the use of deadly force and to properly supervise and control weapons and ammunition as used by officers;

g.  In failing to have appropriate policies and protocols in place to provide for the safety and well-being of the Cherokee County residents;

h.  If such policies exist, in failing to follow the same;

i.  Failing to follow and adhere to applicable standards, policies, and protocols;

j.  In failing to protect the decedent from the obvious and specific risk of harm;

k.  In failing to take any action to prevent the decedent from harm despite notice that such action was necessary; and

l.  In other such particulars as may be learned in discovery.

14. As a proximate and direct result of the Defendant's negligent, reckless, willful, and wanton, and grossly negligent conduct, decedent and Plaintiff suffered physical and emotional injury and loss of consortium, as well as other actual, special, economic, and noneconomic damages.

## SECOND CAUSE OF ACTION
(Infliction of Emotional Distress)

15. Plaintiff reiterates each and every allegation above as if repeated verbatim herein.

16. The defendants intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from their conduct.

17. The conduct was so extreme and outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

18. The actions of the defendants caused Plaintiff's and decedent's emotional distress; and

19. The emotional distress suffered by the plaintiff and decedent was so severe such that no reasonable person could be expected to endure it.

## THIRD CAUSE OF ACTION
(Assault and Battery)

20. Plaintiff reiterates each and every allegation above as if repeated verbatim herein.

21. The Defendants wrongfully, unlawfully, and violently threatened to touch and/or physically harm the decedent and, in fact, did touch and physically harm the decedent, resulting in injuries and damages described above.

22. The physical force inflicted on the decedent included but was not limited to, gunshot wounds, mental and physical anguish and suffering and other injuries, as well as death.

23. Plaintiff's actions did not justify the Defendants' conduct, and the Plaintiff's conduct did not reasonably pose a threat to any person so as to justify the assault and deadly force by the Defendants. Under these circumstances, the conduct of each Defendant was excessive, unlawful, malicious, oppressive, negligent, grossly negligent, willful and without due care for the decedent's rights and safety and with deliberate indifference to the decedent's personal rights.

ELECTRONICALLY FILED - 2020 Aug 05 4:06 PM - CHEROKEE - COMMON PLEAS - CASE#2020CP1100572

24. As a result of the above-mentioned conduct, plaintiff and decedent suffered pain and injury, loss of consortium, wrongful death, conscious pain and suffering, and other damages, all in an amount to be determined according to proof at trial.

### **Damages**

25. As a direct and proximate result of each Defendants' assault, Plaintiff is entitled to recover actual and punitive damages from all Defendants as determined by a jury.

26. The Plaintiff seeks all damages available for loss of consortium, survival, and wrongful death actions, including all special, actual, consequential, economic, and noneconomic damages against the Defendants. These include but are not limited to physical and mental pain and suffering, embarrassment, humiliation, medical expenses, loss of enjoyment of life, loss of quality of life, emotional anguish, emotional distress, and other damages that may be proved at trial.

27. The Plaintiff has alleged a minimum of four "occurrences" as the term is used under the South Carolina State Tort Claims Act, and accordingly, the Plaintiff may obtain an award against the Defendants in excess of one million dollars even if the Defendants are entitled to the protection of any caps pursuant to the South Carolina State Tort Claims Act. *Boiter v. S.C.D.O.T.*, 393 S. C. 123, 125 (2011); *Chastain v. Anmed Health Found.*, 388 S.C. 170, 174, 694 S.E.2d 541, 543 (2010) ("more than one single act of negligence" constitutes multiple occurrences). The Plaintiff asks that the jury determine the number of occurrences.

28. The Plaintiff is entitled to recover damages from the Defendants in an amount to be determined by the jury.

ELECTRONICALLY FILED - 2020 Aug 05 4:06 PM - CHEROKEE - COMMON PLEAS - CASE#2020CP1100572

WHEREFORE, Plaintiff prays for judgment against the Defendants, for an award of the damages specified hereinabove, the cost of this action, and for such other and further relief as the court deems just and proper.

                                                Respectfully submitted,

                                                /s/ Kyle J. White

August 5, 2020                           Kyle J. White (SC Bar No. 101426)
                                                White, Davis and White Law Firm, P.A.
                                                209 E. Calhoun St.
                                                Anderson, SC 29621
                                                (864) 231-8090 (phone)
                                                kyle@wdwlawfirm.com

                                                Clayton L. Jennings (S.C. Bar # 68284)
                                                Jennings Law Firm, LLC
                                                1151 E. Washington St.
                                                Greenville, South Carolina 29601
                                                (864) 239-0055

                                                Attorneys for the Plaintiff

The Plaintiff demands a trial by jury.

/s/ Kyle J. White
Kyle J. White, SC Bar No. 101426

ELECTRONICALLY FILED - 2020 Aug 05 4:06 PM - CHEROKEE - COMMON PLEAS - CASE#2020CP1100572